**STATE of Missouri, Respondent,**

v.

**Thomas Goodrich GILPIN, Appellant.**

No. 46891.

Supreme Court of Missouri,

Division No. 1.

Feb. 9, 1959.

Henry G. Morris, James C. Porter, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Robert T. Donnelly, Sp. Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

Appellant, Thomas Goodrich Gilpin, hereinafter referred to as the defendant, was found guilty of the offense of obtaining money by false pretenses and his punishment assessed by the jury at imprisonment in the penitentiary for a term of two years. See Section 561.370 RSMo 1949, V.A.M.S., which was in effect upon the dates mentioned herein. He has appealed from the ensuing judgment. An opinion in the companion case of State v. Gilpin, 320 S.W.2d 498, has been concurrently adopted herewith.

In the view we take of this appeal, a brief statement of facts will suffice. The defendant was engaged in the real estate and insurance business and was president of the Gilpin Company which had offices at 6615 South Kingshighway, St. Louis, Missouri. Anthony Canzoneri testified that he had engaged in business transactions with the defendant for about fifteen years; that in January 1955 defendant showed him a partially constructed residence building at 6330 Idaho and requested that he make a $6,500 loan thereon, but that he refused to do so because the building had not been completed; that about April 25, 1955, defendant showed him the building again, at which time it had been completed, and he agreed to make a loan of $6,500 upon that property. The witness further testified that on May 6 the defendant came to his office, at which time he delivered to him a principal note of $6,500 and two interest notes, each of the notes reciting that it was "secured by deed of trust on 6330 Idaho," and also delivered a receipt and loan statement which stated that the loan was "secured by property at 6330 Idaho Avenue," and an insurance policy (written by the Gilpin Agency) which purported to insure for $9,000 a one-family dwelling of John A. and Glenda E. Allen, situated in the 6300 block of Idaho Avenue. Mr. Canzoneri stated that at that time he delivered to the defendant a check for $6,370, payable to the Gilpin Company, which represented the amount of the loan, less a 2% commission. He further stated that the deed of trust was not delivered on that day, but that he had seen it when in the office of the Gilpin Company in April, and that it described, at that time, the residence property at 6330 Idaho; that when it was examined later it was found to describe a vacant lot located at 6326 Idaho. Mr. Can-

zoneri stated that in October 1955 he learned that his deed of trust was actually on the property at 6326 Idaho, rather than 6330; that when he made that discovery he called the defendant and asked him to come to his office; that when the defendant arrived the witness said, "Tom, I have known you for thirty years, why did you give me a deed of trust on an empty lot when you sold me a deed of trust on the house," and that defendant replied that he was in a jam and had to have some money.

Mr. John A. Allen testified that in September 1954 he bought a lot at 6330 Idaho; that he borrowed $6,500 through the Gilpin Company with which to construct a residence thereon and that the loan on that property was held by Dr. Skala; that in April 1955 he and his wife purchased the lot at 6326 Idaho and desired to borrow money through the Gilpin Company with which to construct a residence on that lot; that on April 25, 1955, they went to the office of the Gilpin Company and signed a principal note for $6,500 and two interest notes and a deed of trust to secure those notes; that at the time they signed the deed of trust it described Lot 14, known and numbered as 6330 Idaho, which was the legal description and street number of the property upon which the house had been constructed; that they did not discover that error until the paper was signed but that they called it to the attention of Mr. Stark, an employee in the office, who was the notary public before whom the deed of trust was acknowledged; that on the date of trial the deed of trust described "Lot 15 which is known and numbered as 6326 Idaho."

Mr. Allen also stated that at the time the three notes were signed the street address given thereon as the location of the security was 6326 Idaho, whereas, at the time of trial, they read 6330 Idaho. In support of the testimony of this witness it should perhaps be stated that the exhibits upon which he said changes had been made all indicate that erasures have been made thereon.

Mr. Allen further stated that he did not receive any money at the time these papers were signed and the defendant later told him that he had been unable to place the loan; that in September 1955, the defendant had him and his wife sign new loan papers, the defendant stating that in that way, when he placed the loan, they would not have to pay interest from April 25. The witness further stated that in October 1955 he received a letter from Mr. Canzoneri demanding payment of the notes that had been signed in April; that thereafter he had held a conversation with defendant concerning the matter and defendant told him "he would take care of it; he would pay Mr. Canzoneri off."

The defendant did not testify. The only witness he offered at the trial was Mr. Orville Ohl, vice-president of the American National Bank, who identified certain records indicating that the Canzoneri check was deposited in the account of the Gilpin Company.

Defendant contends that the court erred in giving Instruction No. 1. In that instruction the case was submitted upon the hypothesis that defendant "falsely and fraudulently did represent, pretend and state to Anthony Canzoneri that he, Thomas Goodrich Gilpin, was acting as agent for the owner of a house and lot situated at No. 6330 Idaho Avenue, in the City of St. Louis, Missouri; and if you further find and believe that said pretense, representation and statement was false; and if you further find and believe that the said Anthony Canzoneri believed the said false and fraudulent representation and statement to be true, and that he relied thereon and was deceived thereby, and was thereby induced to pay over and he did then and there pay over to the defendant Thomas Goodrich Gilpin, if you so find, the sum of six thousand five hundred dollars, lawful money of the United States, and that the defendant by means of said false pretense and representation so made by him to the said Anthony Canzoneri, did then and there unlawfully, falsely, fraudulently, designedly

and feloniously obtain from said Anthony Canzoneri the said sum of six thousand five hundred dollars ($6,500) * * *."

■ The indictment herein charged that the defendant did "falsely, knowingly, designedly, and feloniously represent, pretend and state to Anthony Canzoneri that he was acting as agent for the owner of a house and lot located at Number 6330 Idaho Avenue, and that in exchange for a six thousand five hundred dollar ($6,500) loan, he would give Anthony Canzoneri promissory notes and a first deed of trust on the above described property." One of defendant's contentions of error in regard to the instruction is stated in his brief as follows:

"The instruction failed to include the necessary essential facts and constituent elements as to enable the jury therefore, to find every fact necessary to constitute the essential elements of the crime charged. It will be noted that the court's instruction omitted entirely any reference to the allegation in the indictment 'and that in exchange for a $6,500 loan he (defendant) would give Anthony Canzoneri promissory notes and a first deed of trust on the above described property' when that was the main purported representation made to Canzoneri, and the main evidence in the case related to the issuance of a check by Canzoneri to Gilpin Company for $6,370 as the purchase price of a principal promissory note for $6,500, interest notes of $195 each, and the deed of trust on property claimed by the State to have been 6330 Idaho Avenue and not 6326 Idaho Avenue.

"The omission of this essential element of the case was confusing to the jury and let it find defendant guilty, merely upon finding the defendant had made one alleged false representation, to-wit: that he was the agent for the owner of the property at 6330 Idaho and that Canzoneri relied upon that representation alone. This was a very small part of the case the State put on. A very considerable portion dealt with the matters relating to the deed of trust, promissory notes and alleged alterations of same. The jury could not, in law, have found the defendant guilty based upon the limited instruction the trial court gave in the case.

"It was the receipt of the deed of trust and promissory notes which witness Canzoneri purchased that was allegedly the consideration for, and condition on which he issued his check to Gilpin Company, however, the court completely omitted any reference to that phase of the case or that it was a factor upon which Canzoneri relied in issuing his check to Gilpin Company for $6,370.00."

■ We are in substantial agreement with the foregoing contention. The instruction is incomplete and when considered in connection with the evidence is confusing, misleading and difficult to understand. The crux of the offense charged was that defendant represented to Mr. Canzoneri that the notes he purchased for $6,370 were secured by a deed of trust on the house and lot located at 6330 Idaho when, in fact, the deed of trust described the vacant lot located at 6326 Idaho. The case was obviously tried on that theory. While we recognize that the State is not required to submit every representation or pretense alleged in the indictment to have been falsely made, it would seem that the allegation that defendant falsely represented that he was acting as agent for the owner of the house located at 6330 Idaho was essentially a preliminary representation to the principal representation which constituted the offense. There is nothing in the submission to indicate why the representation as to agency would induce Mr. Canzoneri to deliver $6,370 to the defendant.

Even if it should be assumed, for the purposes of this discussion, that the submission of the representation as to agency was sufficient to sustain a conviction, the evidence is susceptible to a construction that would make it doubtful that it was sufficient to support a finding of the falsity of that general representation. The submission was that defendant "was acting as

agent for the owner of a house and lot situated at No. 6330 Idaho." All of the evidence was to the effect that defendant had been authorized by Mr. and Mrs. Allen to represent them in the sale of the notes in question, and it is further undisputed that the Allens owned the "house and lot situated at No. 6330 Idaho." It is true that defendant had not been authorized by the Allens to use the instant notes and deed of trust in procuring (or pretending to procure) a loan on the property situated at 6330 Idaho, but the submission did not hypothesize that situation. For the reasons indicated, we rule that Instruction No. 1 was prejudicially erroneous. State v. Griggs, 361 Mo. 758, 236 S.W.2d 588; State v. Harris, Mo.Sup., 313 S.W.2d 664.

Defendant has also complained of a number of trial errors but those need not be reviewed as they will not likely recur upon another trial. The brief also contains complaints as to certain specific deficiencies in the proof which we have ruled adversely upon similar facts in the case of State v. Gilpin, supra. However, since we are remanding the case, we have the view that we should briefly consider the question of the sufficiency of the evidence to support a conviction in the event of a proper submission of the issues to the jury.

We have concluded that the evidence was sufficient to reasonably support a submission of the offense charged in the indictment. Mr. Canzoneri testified that defendant first solicited a loan on the house at 6330 Idaho in January 1955, but that he refused to make it because the house had not been completed; that in April 1955, defendant showed him the house again and it had been completed; that on the same day defendant showed him the deed of trust and at that time it described the residence property, both by legal description and by street number, and that on that date he agreed to make the loan. It further appears that on the occasion when Canzoneri later delivered his check for $6,370, defendant had presented him with three notes which recited, "Secured by Deed of Trust on 6330 Idaho," a receipt and loan statement which stated that the loan was "secured by property 6330 Idaho Avenue," and a policy of insurance which purported to insure for $9,000 a "one family dwelling" of John A. and Glenda E. Allen situated in the 6300 block of Idaho Avenue. A consideration of the acts and verbal representations of the defendant, together with the written representation contained in the deed of trust and other documents hereinabove referred to, would reasonably authorize a finding that defendant falsely represented to Mr. Canzoneri that the notes he purchased were secured by a deed of trust describing the improved property located at 6330 Idaho. Moreover, the evidence discloses that the representations were as to facts existing at the time the representations were made and did not, as defendant contends in his brief, constitute a mere promise to deliver notes, at some future date, secured by a deed of trust describing that property.

The judgment is reversed and cause remanded for a new trial.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.